IN THE UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DONALD LAMERE** )<br>)<br>      **Plaintiff,** )<br>)<br>)<br>      vs. )<br>)<br>)<br>)<br>**JS TRANSPORTATION LLC** )<br>)<br>  and )<br>)<br>**AHMED M. ALI** )<br>)<br>      **Defendants.** )<br>_____ ) | Civil Action No.:  8:20-CV-1438<br>                  (LEK/CFH)<br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR A CIVIL CASE**

Plaintiff Donald Lamere, (hereinafter referenced as "the Plaintiff"), by and through his attorneys, the Carlisle Law Firm, P.C., Edward A. Betz *of counsel*, as and for his Complaint against the Defendants JS Transportation LLC and Ahmed M. Ali (hereinafter referenced as "the Defendants"), hereby states and alleges:

**I.      Nature of the Case**

1.      This is a civil action for personal injuries suffered by the Plaintiff against the Defendants.  This action arises out of a motor vehicle collision on June 17, 2020 on State Route 11 in the County of Franklin, State of New York, in which a semi-trailer truck owned by Defendant JS Transportation LLC and operated by Defendant Ahmed M. Ali collided with a

vehicle operated by the Plaintiff.  The Defendants' negligence caused the collision and caused the Plaintiff to suffer serious personal injuries.

II.     **The Parties**

    2.     The Plaintiff is an individual and citizen of the State of New York, residing at 1182 State Route 122, Constable, New York 12926.

    3.     Defendant JS Transportation LLC is a foreign limited liability corporation with headquarters located at 9327 Woodend Road, Edwardsville, Kansas 66111.

    4.     Defendant Ahmed M. Ali is an individual and a citizen of the State of Ohio, residing at 3040 Day Court, Columbus, Ohio 43224.

III.    **Basis for Jurisdiction and Venue**

    5.     This Court has original jurisdiction over this action under 28 U.S.C. § 1322.

    6.     Complete diversity of citizenship exists between the parties, as Plaintiff Donald Lamere is a citizen of the State of New York, Defendant JS Transportation LLC is a limited liability corporation with its headquarters in the State of Kansas, and Defendant Ahmed M. Ali is a citizen of the State of Ohio.

    7.     The amount in controversy exceeds $75,000.00 (seventy-five thousand dollars), exclusive of interest and costs.

    8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to this claim occurred in the Town of Burke, County of Franklin and State of New York, which is located within this District.

**IV.   Statement of Claims**

9. Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "8" as if fully stated herein.

10. The Plaintiff was at all times hereinafter referenced exercising due care.

11. On or about June 17, 2020, and at all times hereinafter referenced, the Plaintiff was the operator of a 2013 Volvo tractor- trailer bearing New York license plate 61053PC.

12. On or about June 17, 2020, and at all times hereinafter referenced, Defendant JS Transportation LLC was the owner of a 2015 Freightliner tractor-trailer bearing Kansas license plate 192476 and towing a semi-trailer with Maine license plate 353967Z.

13. On or about June 17, 2020, and at all times hereinafter referenced, Ahmed M. Ali was operating the 2015 Freightliner tractor-trailer with the consent of, at the direction of, and in the course of his employment with Defendant JS Transportation LLC.

14. On or about June 17, 2020, at approximately 4:08 P.M., Plaintiff was operating the aforementioned Volvo westbound on State Route 11 in the Town of Burke, County of Franklin and State of New York.

15. On or about June 17, 2020, at approximately 4:08 P.M, Defendant Ahmed M. Ali was operating the aforementioned Freightliner owned by Defendant JS Transportation LLC and was southbound on State Route 122 in the Town of Burke, State of New York.  As he approached the intersection of State Route 11 in a negligent and reckless fashion, he failed to slow the truck, failed to stop at the stop sign, and entered State Route 11 without stopping, causing Plaintiff to strike his vehicle and sustain serious injuries.

16. The aforesaid collision occurred solely as a result of the negligence of the Defendants, without any negligence of the Plaintiff contributing thereto.

17. As a result of the negligence of the Defendants, the Plaintiff sustained personal injuries, and said injuries are serious injuries as defined by Article 51 of the Insurance Law of the State of New York.

18. As a result of the negligence of the Defendants, and as a result of the aforementioned injuries, the Plaintiff was caused to incur medical expenses and, upon information and belief, will continue to incur medical expenses in the future.

19. As a result of the negligence of the Defendants, the Plaintiff has been caused to sustain pain and suffering from his injuries and, upon information and belief, will continue to sustain pain and suffering from his injuries in the future.

20. As a result of the negligence of the Defendants, the Plaintiff has been caused to sustain a loss in wages and, upon information and belief, will sustain a loss in wages and other economic loss in the future.

21. As a result of the negligence of the Defendants, the Plaintiff has sustained or will sustain an economic loss greater than the basic economic loss as defined in Article 51 of the Insurance Law of the State of New York.

22. This action falls within one or more of the exceptions set forth in New York C.P.L.R. Section 1602.

23. As a result of the foregoing, the Plaintiff has sustained damages in an amount which exceeds the jurisdictional limits of all Court of lower jurisdiction.

**V.    Demand for Jury Trial**

25. The Plaintiff requests a jury trial on all issues of fact raised in this Complaint.

**VI.     Prayer for Relief**

24.     **WHEREFORE**, the Plaintiff seeks judgment against the Defendants in an amount which exceeds the jurisdictional limits of all Courts of lower jurisdiction, together with the costs and disbursements of this action and for such other and further relief as the Court deems just and proper.

Dated:  Ogdensburg, New York
        November 23, 2020

Edward A. Betz
NDNY Bar No. 313174
CARLISLE LAW FIRM, P.C.
602 State Street
Ogdensburg, New York 13669
(315) 393-1111
ebetz@carlislefirm.com